IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:07-832-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Kenneth Lamar Manigan, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant's motion for a sentence reduction pursuant to the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194, and Amendment 750 and 782 of the United States Sentencing Guidelines. The Defendant argues that he is entitled to a two point reduction under the Guidelines. In the instant case, on October 23, 2007, the Defendant pled guilty pursuant to a plea agreement to three counts of possession with intent to distribute a quantity of cocaine. On February 26, 2008, the Defendant was sentenced to 169 months' imprisonment. The same day, the defendant was sentenced in case number 7:07cr01187 for violations of his supervised release for his prior conviction of conspiracy to possess with intent to distribute and possession with intent to distribute cocaine in a case transferred from the Eastern District of North Carolina. The supervised release violations consisted of the drug charges in the instant case and an arrest by the Spartanburg Public Safety Department for possession of drug paraphernalia, assault and battery of a high and aggravated nature, failure to return drivers' license after suspension, and operating an uninsured motor vehicle. The defendant admitted the violations and was sentenced to 18 months' imprisonment, to be served consecutively to the term of imprisonment imposed in the instant case.

In addition, on January 21, 2009, the Defendant was sentenced in case number 7:08cr00112 for his conviction for conspiracy to murder a law enforcement officer. For this conviction, he was sentenced to 240 months' imprisonment with 144 months of the term to run consecutively to the sentence imposed in the instant case and the remaining 96 months' imprisonment to run concurrently with any previously imposed sentence.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194. The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, 124 Stat. 2372. The First Step Act made the Fair Sentencing Act retroactive. Pub. L No. 115-391, December 21, 2018, 132 Stat. 5194.

After review, the Defendant's motion is denied. The First Step Act does not apply to this Defendant because his convictions in this case are not covered offenses under the First Step Act. Based on the foregoing, the Defendant's motion, docket number 60, is denied.[1]

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

February 23, 2023
Greenville, South Carolina

---

[1] The court notes that there have been subsequent changes in the law since the Defendant was sentenced in that, if he were sentenced today, he no longer qualifies as a career offender. However, this issue is not before the court because the Defendant has not filed a motion for compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A), seeking a sentence reduction on this basis.

2

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.